# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| SANDRA A. HEIMER, | |
| Plaintiff, | No. C04-2014 |
| vs. | **ORDER** |
| OSAGE COMMUNITY SCHOOL DISTRICT, | |
| Defendant. | |

This matter comes before the court pursuant to the defendant's May 16, 2005, motion in limine (docket number 11). The defendant moves for an order precluding the use of any pleadings, testimony or remarks, questions, arguments or exhibits, which might directly or indirectly inform the jury of: (1) a statement allegedly made by Tracy Mullenbach to Plaintiff Sandra A. Heimer's son in April or May of 2003; (2) a conversation between Mr. Mullenbach and the plaintiff in August of 2003; and (3) the settlement conference held with the undersigned United States Magistrate Judge on May 12, 2005. The plaintiff filed a resistance to the motion in limine on May 26, 2005. The plaintiff does not resist the defendant's motion to preclude information pertaining to the settlement conference. A hearing on this motion and the plaintiff's motion in limine (docket number 23) was held on June 16, 2005.

It is alleged that in April or May of 2003, after the defendant had decided not to hire the plaintiff for the custodial position she sought, Tracy Mullenbach, a head custodian employed by the defendant, upon coming into contact with the plaintiff's son in the school cafeteria, remarked, "What the fuck are you looking at?" It is not alleged that

1

Mr. Mullenbach made any mention of the defendant's decision to not hire the plaintiff or in any way mentioned the plaintiff during this alleged confrontation. Mr. Mullenbach, as head custodian, played an integral role in the hiring process at issue in this case.

The defendant moves this court to find that the alleged remark was hearsay under Fed. R. Evid. 802, and thus preclude its admission. Because the plaintiff seeks to admit the alleged remark to show Mr. Mullenbach's state of mind and the presence of a contemptuous, discriminatory employment environment, it is not hearsay. However, a hearsay determination does not guarantee its admissibility. Fed. R. Evid. 402 states that although "[a]ll relevant evidence is admissible," "evidence which is not relevant is not admissible." The alleged remark was not directed at the plaintiff, made no mention of the plaintiff, and did not arguably refer to defendant's decision to not hire the plaintiff for the custodial position. It is certainly offensive but simply not reflective of a discriminatory animus.

The defendant further asks this court to find that the conversation that took place between Mr. Mullenbach and the plaintiff in August 2003 is hearsay. The conversation took place in the boiler room at Lincoln Elementary School, a school in the defendant district. Both parties admit that the conversation took place in their respective depositions. The conversation involved a confrontation where Mr. Mullenbach told the plaintiff to stop cleaning the boiler room as he had work to do that would create a mess, the plaintiff expressed her displeasure that Mr. Mullenbach had waited until the room was nearly clean to begin his work, and Mr. Mullenbach told the plaintiff that he "didn't have to take her shit." It is not alleged Mr. Mullenbach made any mention of the defendant's decision to not hire the plaintiff during this conversation. Although the conversation is not inadmissible hearsay under Fed. R. Evid. 802 because it shows a state of mind, it nonetheless does not satisfy Fed. R. Evid. 402 and 403. It is not relevant to the hiring process, which had taken place five months prior, and made no arguable mention (as admitted by both Mr. Mullenbach and the plaintiff) of the defendant's decision to not hire

2

the plaintiff. The statement is again offensive but simply not reflective of a discriminatory intent.

The plaintiff's reliance on Eighth Circuit precedent is unpersuasive. Although the Eighth Circuit has held that statements made in the course of employment are admissible at trial, the rule the plaintiff cites was merely dicta and did not represent a rule that holds all statements made within the course of employment admissible. See Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 922 (8th Cir. 2000). Such a rule would not satisfy the requirements of Fed. R. Evid. 402 and 403. The Eighth Circuit has allowed statements made within the course of employment only when the statements directly pertained to the discrimination alleged. See id. at 922–23. The statements in the instant case do not rise to that level.

Any testimony, evidence, or reference to the May 12, 2005, settlement conference is inadmissible.

Upon the foregoing,

IT IS ORDERED that the defendant's May 16, 2005, motion in limine (docket number 11) for an order precluding the use of any pleadings, testimony or remarks, questions, arguments or exhibits, which might directly or indirectly inform the jury of the April or May 2003 statement by Mr. Mullenbach to the plaintiff's son, the August 2003 conversation between Mr. Mullenbach and the plaintiff, and the May 12, 2005, settlement conference between the parties is granted.

June 20, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT